UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 22-14959-LMI |
| ISAAC HALWANI and GISELLE HALWANI, and 274 ATLANTIC ISLES, LLC, | Case No. 22-14810-LMI |
| | Chapter 11 |
| Debtors. | Jointly Administered at Case No. 22-14959-LMI |
| _____/ | |

**BRIAN M. GAINES, AS TRUSTEE UTA 3/4/2019'S RESPONSE IN OPPOSITION TO DEBTORS' MOTION FOR SUBSTANTIVE CONSOLIDATION**

Brian M. Gaines, as Trustee UTA dated 3/4/2019 (the "***Trustee***") opposes the Debtors' Motion for Substantive Consolidation [ECF No. 49] (the "***Motion***"), and in support states as follows:

## **INTRODUCTION**

The Motion is a transparent attempt to avoid the consequences of 274 Atlantic Isles, LLC's ("***274 Atlantic***") initial bad faith filing. But as the Eleventh Circuit found in *Phoenix Piccadilly*, the consequences of a bad faith filing do not change simply because of possible equity in property or the potential for a successful reorganization.[1] That is precisely what the Debtors seek to do with substantive consolidation – erase the consequences of 274 Atlantic's bad faith filing by consolidating with the Halwanis and pointing to the possible equity in the Residential Property and the potential for the successful reorganization by the Halwanis. But the Debtors have failed to meet their burden in seeking this extraordinary equitable remedy, and instead seek to use substantive consolidation as a sword against the Trustee to keep 274 Atlantic in bankruptcy. The

---

[1] *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1395 (11th Cir. 1988).

1

Trustee, as the overwhelmingly predominant creditor of 274 Atlantic (if not the owner of the Residential Property),[2] should not be dragged into the Halwani's mess of a bankruptcy case with multitudes of known creditors (and perhaps far more unknown creditors, as amended schedules have been supposedly forthcoming for several weeks now), when the Debtors cannot meet their burden to show that substantive consolidation is necessary to avoid a harm or realize a benefit. Everything that the Debtors seek to accomplish through substantive consolidation can be accomplished without it. The Motion should be denied. Alternatively, given that the claims bar date has not yet passed, the Halwanis have not yet filed amended schedules, and the full extent of both the creditor and debtor body are unknown to creditors and this Court, it is premature to substantively consolidate the cases before the true extent of the potential harm to creditors can be evaluated, and a hearing on the Motion should be continued to a later date.

## **FACTUAL & PROCEDURAL BACKROUND**

1.      In March 2019, the trust loaned $1.5 million to TCB & GSD Consulting LLC ("***TCB***"), a company wholly owned by the Halwanis. As security, 274 Atlantic gave the trust a mortgage on a parcel improved real estate located at 274 Atlantic Avenue, Sunny Isles Beach, FL 33160 (the "***Residential Property***"). 274 Atlantic and the Halwanis also guaranteed the loan.

2.      After the loan was modified numerous times to extend its term and increase the amount of the borrowing to $2 million, 274 Atlantic, TCB, and the Halwanis defaulted. The parties then signed a Forbearance Agreement in December 2020, pursuant to which 274 Atlantic, TCB,

---

[2]      While 274 Atlantic contends that its state court counsel Eric Stein is also a creditor in the amount of $36,766.30 [*see* ECF No. 25 in the 274 Atlantic case], the Halwanis have also listed Mr. Stein as a creditor in the same amount in their schedules [*see* ECF No. 40]. It is unclear what portion, if any, of that debt is owed by 274 Atlantic and what portion is owed by the Halwanis. In any event, the debt owed to Mr. Stein is dwarfed by the millions owed to the trust on the schedules [*see* ECF No. 25 in the 274 Atlantic case].

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

and the Halwanis agreed, among other things, to cure the default, bring the loan current, and make certain payments within an agreed-upon timeframe. If they did not, the trust would be entitled to record a deed in lieu of foreclosure, and the indebtedness would be satisfied.

3.    274 Atlantic, TCB, and the Halwanis did not comply with their obligations and the trust recorded the deed in lieu of foreclosure in April 2021 (the "***Deed in Lieu***"), thereby satisfying the debt. After the trust took title, the Halwanis agreed to lease the Residential Property from the Trustee, *i.e.,* the new owner. Then, they defaulted on that lease.

4.    On May 25, 2021, the Trustee on behalf of the trust commenced an action in state court to eject the Halwanis and 274 Atlantic from the Residential Property. Before the Debtors filed their petitions, the state court case was very active, with 274 Atlantic filing counterclaims against the Trustee to vindicate its alleged ownership in the Residential Property and third-party claims for unjust enrichment against Mr. Gaines and an entity he is affiliated with, LBM Enterprises, LLC ("***LBM***") relating to the alleged transfer of $100,000 from a non-debtor entity, Frozen Wheels, LLC, to LBM and the alleged transfer of a Porsche from Mr. Halwani to Mr. Gaines.

5.    On February 21, 2022, following an evidentiary hearing on the Trustee's motion to appoint a receiver, the state court entered an order denying the Trustee's request for appointment of a receiver, but requiring, among other things, the Halwanis to cure rent arrears, pay rent in the amount of $35,000 to the Trustee's counsel's trust account on the ninth of each month, and maintain necessary insurance on the Residential Property (the "***State Court Order***").[3]

6.    On June 14, the state court entered an order compelling the Halwanis to appear for

---

[3]    A copy of the State Court Order can be found at ECF No. 14, p. 126 of 218 in Case No. 22-14810-LMI.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

their depositions on June 22, 2022.

7.    On June 22, 2022, the morning of the Halwani's depositions, 274 Atlantic filed its chapter 11 petition, and on June 27, 2022, the Halwanis filed their chapter 11 petition.

8.    On June 29, 2022, the Trustee filed his Motion to Dismiss the 274 Atlantic bankruptcy case [ECF No. 17 in 22-14810-LMI] asserting that it was filed in bad faith and that each of the *Phoenix Piccadilly* factors were satisfied where:

      a.    274 Atlantic has only one asset;

      b.    274 Atlantic has only one unsecured creditor, which is its state court counsel in the state court litigation against the Trustee;

      c.    274 Atlantic has no employees;

      d.    The Residential Property is subject to a pending ejectment action;

      e.    274 Atlantic's financial problems are a two-party dispute that can be resolved in the pending state court litigation; and

      f.    The filing of 274 Atlantic and not the Halwanis' petition on the morning of the Halwanis' deposition evidenced the Debtors' intent to delay and frustrate the Trustee's efforts to enforce the trust's rights.

9.    The Motion to Dismiss also asserted that the 274 Atlantic case should be dismissed for lack of good faith because there is no prospect or need for reorganization of 274 Atlantic.

10.    The § 341 meeting of creditors was held on July 29, 2022. The Halwani's testimony in several areas was quite concerning, and a number of issues arose, including but not limited to the following:

      a.    First, the Halwanis have not filed tax returns since 2018; the IRS has filed a proof

4

of claim, but the claim is currently only estimated.[4]

b.  Second, it was represented that amended schedules would be forthcoming from the Halwanis, as at least one unexpired lease was missing, and various creditors appeared to be missing.

c.  Third, despite the Halwanis' repeated representations at the hearing before this Court on July 14, 2022 and afterward that they would be moving out of the Residential Property in August 2022 and moving into one of the condos that they own, they in fact are not moving out in August, and instead extended their tenant's lease for an additional six months (through the end of January 2023) and will remain in the Residential Property. Mr. Halwani also represented at the § 341 meeting that the Halwanis would be paying the $35,000 per month rent required by the State Court Order, but as of the filing of this Response, have still failed to pay the $35,000 due for July and $35,000 due for August.

d.  Fourth, within the two years prior to filing bankruptcy, the Halwanis made a commitment to donate $200,000 or more to their children's' private school. While Mr. Halwani represented that the Halwanis no longer intend to fulfill that commitment, it is unknown what other commitments or transfers may have been made and not disclosed in the schedules.

e.  And fifth, the only other creditor listed in 274 Atlantic's petition besides its state court counsel, Coraline, Ltd., was in fact not a creditor on the petition date, and was only an entity which the Debtors were going to use to get a loan but did not. Presumably, this "creditor" was included on the petition to avoid the appearance

---

[4]  *See* POC 2-1.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

that the Trustee was the only meaningful creditor.

11.     The Halwanis have also referenced filing chapter 11 for one or more of their other entities, which they would also presumably seek to substantively consolidate with their case. In their schedules, the Halwanis listed 18 entities they own in whole or in part. Based on the § 341 meeting, there may be more than 18 entities that the Halwanis own an interest in. It is entirely unknown at this time what liabilities and assets these other entities might have.

12.     As of the filing of this Response, the Halwanis have not filed amended schedules, and have not paid the $35,000 that was due on July 9, 2022 or the $35,000 was due on August 9, 2022 as required by the State Court Order.

13.     The claims bar date in the Halwanis' case is September 6, 2022.

## LEGAL ARGUMENT & AUTHORITIES

As this Court has previously stated, "substantive consolidation is an equitable remedy to be used 'sparingly' and with caution." *In re S & G Fin. Services of S. Fla., Inc.*, 451 B.R. 573, 579 (Bankr. S.D. Fla. 2011), *citing Eastgroup Properties v. S. Motel Ass'n, Ltd.*, 935 F.2d 245, 248 (11th Cir. 1991). In the Eleventh Circuit, "the proponent of substantive consolidation must show that (1) there is substantial identity between the entities to be consolidated; and (2) consolidation is necessary to avoid some harm or to realize some benefit." *Eastgroup Properties*, 935 F.2d at 249. "When this showing is made, a presumption arises that creditors have not relied solely on the credit of one of the entities involved." *Id.* (internal quotation marks and citation omitted). "Once the proponent has made this prima facie case for consolidation, the burden shifts to an objecting creditor to show that (1) it has relied on the separate credit of one of the entities to be consolidated; and (2) it will be prejudiced by substantive consolidation." *Id.* (internal citations omitted). "[I]f an

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

objecting creditor has made this showing, the court may order consolidation only if it determines that the demonstrated benefits of consolidation heavily outweigh the harm." *Id.* (internal quotation marks and citation omitted).

**A.  The Debtors have failed to make a prima facie showing for substantive consolidation.**

Various factors are reviewed by courts in determining whether there is a substantial identity between the entities to be consolidated, including but not limited to:

> (1) The degree of difficulty in segregating and ascertaining individual assets and liability;
>
> (2) The presence or absence of consolidated financial statements;
>
> (3) The profitability of consolidation at a single physical location;
>
> (4) The commingling of assets and business functions;
>
> (5) The unity of interests and ownership between the various corporate entities;
>
> (6) The existence of parent and inter-corporate guarantees on loans; and
>
> (7) The transfer of assets without formal observance of corporate formalities.

*S & G Fin. Services*, 451 B.R. at 584 (Bankr. S.D. Fla. 2011) (internal citation omitted).

The majority of these factors weigh against substantive consolidation in this case.

*The degree of difficulty in segregating and ascertaining individual assets and liability*. The factor weighs against consolidation. There is no difficulty in ascertaining the individual assets and liabilities of the Halwanis and 274 Atlantic, because 274 Atlantic has only one potential asset, and only one potential creditor apart from the Trustee.

*The presence or absence of consolidated financial statements.* To the Trustee's knowledge, there are no consolidated financial statements.

*The profitability of consolidation at a single physical location.* The Debtors are arguably

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

already in a single physical location (that neither of them has been paying for), the Residential Property.

*The commingling of assets and business functions.* 274 Atlantic has no business functions. The Halwanis claim that 274 Atlantic has never had a bank account and that they paid all expenses related to the Residential Property personally. If true, there were no assets of 274 Atlantic to commingle. As with the first factor, there is no difficulty segregating assets and business functions between and among the Debtors.

*The unity of interests and ownership between the various corporate entities.* The Trustee does not dispute that the Halwanis are the sole members of 274 Atlantic.

*The existence of parent and inter-corporate guarantees on loans.* To the Trustee's knowledge, there are no loans to the Halwanis guaranteed by 274 Atlantic, and no loans to 274 Atlantic guaranteed by the Halwanis. The original loan secured by the mortgage on the Residential Property was given to TCB, a non-debtor entity. 274 Atlantic and the Halwanis guaranteed the loan.

*The transfer of assets without formal observance of corporate formalities.* The Debtors assert that 274 Atlantic has never had a bank account and that the Halwanis have paid directly for all expenses of the Residential Property, which the Trustee assumes the Halwanis are claiming to have done without observing corporate formalities. However, it does not appear that there has been commingling or transfer of assets back and forth between 274 Atlantic and the Halwanis, and only that the Halwanis and not 274 Atlantic have paid for various expenses associated with living at the Residential Property.

The examination made by the court before ordering consolidation is not merely a cursory

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

one. Indeed, "a bankruptcy court must conduct a searching inquiry to ensure that consolidation yields benefits that would offset the harm it inflicts on objecting parties." *In re Alico Mining, Inc.*, 278 B.R. 586, 589 (Bankr. M.D. Fla. 2002). Here, the benefits to be yielded from consolidation are slim to non-existent. The Debtors claim that consolidation is necessary to avoid continued harm but fail to state what that harm is. The Debtors go on to claim that consolidation will allow the Halwanis' estate to directly realize the recovery of the Residential Property, which will be used to fund a plan of reorganization. However, consolidation is not necessary to achieve this result. The Halwanis are the sole members of 274 Atlantic, and in the event 274 Atlantic is successful in its claims against the Trustee to recover the Residential Property, the Halwanis can cause 274 Atlantic to do as they wish with the Residential Property, including selling it and distributing proceeds from any equity to the Halwanis, which they in turn can use to fund their plan. None of this necessitates consolidation. The true purpose is to hide the fact that the 274 Atlantic case was a classic bad faith filing.

## B. The Trustee lent to a non-debtor entity and will be prejudiced by substantive consolidation.

Even if the Court determines that the Debtors have satisfactorily shown both a substantial identity of the Debtors and a necessity for substantive consolidation, the Court may still deny substantive consolidation. Under *Eastgroup Properties*, if the proponent of consolidation makes a prima facie case for consolidation, "the burden shifts to an objecting creditor to show that (1) it has relied on the separate credit *of one of the entities to be consolidated*; and (2) it will be prejudiced by substantive consolidation." 935 F.2d at 249 (emphasis added, internal citations omitted).

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

The trust lent to TCB, a non-debtor entity. The entities sought to be consolidated are 274 Atlantic and the Halwanis, thus, the trust did not and would not have relied on the separate credit of either of the entities to be consolidated in making the loan. The amount of the loan to TCB secured by the mortgage given by 274 Atlantic was based on the value of the Residential Property, an asset at the time owned solely by 274 Atlantic and unrelated to the Halwanis' individual creditworthiness or assets.

The Court and the creditors do not know the extent of the creditor body. The Halwanis have yet to amend their schedules, and the claims bar date is September 6, 2022. The Court and the creditors also do not know the extent of the debtor body yet, given that reference has been made to filing chapter 11 for one or more additional Halwani-affiliated entities, which the Debtors will also presumably seek to substantively consolidate. And importantly, the IRS is a creditor of the Halwanis given their failure to file tax returns since 2018. The IRS has filed an estimated claim – the Trustee does not know whether the taxes owed by the Halwanis could result in the imposition of a tax lien, which, if the estates are substantively consolidated, may attach to the Residential Property. *See, e.g., In re Cooper*, 147 B.R. 678, 682 (Bankr. D.N.J. 1992). In section 12(b) of the mortgage, 274 Atlantic agreed not to encumber the Residential Property, either voluntarily or involuntarily, directly or indirectly, by operation or law or otherwise, without the Trustee's prior written consent. The Trustee bargained for the Residential Property to be free and clear as part of its agreement to lend to TCB – not potentially encumbered by liens that would otherwise be limited to the Halwanis' individual assets. In addition to being a breach of the mortgage, the imposition of a tax lien on the Residential Property could certainly prejudice the Trustee if 274 Atlantic is successful in its claims to invalidate the Deed in Lieu. While the Debtors have stated that the

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

Residential Property is worth $6.5 million, no proof has been offered to substantiate that valuation, thus there is no certainty that there will be any equity cushion at all to protect the Trustee from what is, frankly, unknown at this time given the apparently substantial amendments that need to be made to the Halwani's schedules and the outstanding claims bar date.

The Trustee submits that he has made the required showing of an objecting creditor under *Eastgroup Properties*, thus, "the court may order consolidation only if it determines that the demonstrated benefits of consolidation heavily outweigh the harm." *Eastgroup Properties*, 935 F.2d at 249 (internal quotation marks and citation omitted). For the reasons discussed above, there is no benefit to be realized by substantive consolidation that cannot be accomplished without it. Thus, it cannot be said that the demonstrated benefits, if any at all, heavily outweigh the harm that may be realized by the Trustee.

## **<u>CONCLUSION</u>**

Substantive consolidation is an equitable remedy to be used sparingly, and only when necessary. These cases do not call for its use. The Court should deny the Motion. Alternatively, given the outstanding amendments, upcoming claims bar date, and the potential for even more debtors, the Court should continue the hearing to a later date to allow for a full briefing schedule and evidentiary hearing.

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

11

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on August 15, 2022 via the Court's Notice of Electronic Filing upon the Registered Users listed on the attached **<u>Exhibit A</u>** and via U.S. Mail upon the parties listed on the attached **<u>Composite Exhibit B</u>**.

<u>s/ Meaghan E. Murphy</u>
Meaghan E. Murphy, Esquire
Florida Bar No. 102770
mmurphy@melandbudwick.com
Solomon B. Genet, Esquire
Florida Bar No. 617911
sgenet@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

*Attorneys for Brian M. Gaines, as Trustee*

12

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **John P Arcia**    parcia@arcialaw.com,
  6772@notices.nextchapterbk.com,Rebeca@ARCIALAW.COM
- **Nicholas B. Bangos**    nick@nbbpa.com, bazban13@gmail.com
- **Jeffrey P. Bast**    jbast@bastamron.com,
  jdepina@bastamron.com;kjones@bastamron.com;jmiranda@bastamron.com;mdesvergunat@bastamron.com
- **Seth N Benes**    seth@lwlawfla.com
- **Darren J Devlin**    darren@resolutionfunding.net
- **Phillip M. Hudson III**    pmhudson@duanemorris.com,
  gagosto@duanemorris.com;jfgarcia@duanemorris.com;mlswing@duanemorris.com;AutoDocketMIA@duanemorris.com;mbates@duanemorris.com;jbaccari@duanemorris.com
- **Eric D Jacobs**    ejacobs@gjb-law.com, btraina@gjb-law.com,vlambdin@gjb-law.com,btraina@ecf.courtdrive.com,tpetrie@gjb-law.com
- **Carla A Jones**    carla@cjlawoffices.com, service@cjlawoffices.com
- **Glenn D Moses**    gmoses@gjb-law.com, gjbecf@gjb-law.com;cscavone@gjb-law.com;vlambdin@gjb-law.com;gjbecf@ecf.courtdrive.com;imalcolm@gjb-law.com;jsardina@gjb-law.com;imalcolm@ecf.courtdrive.com
- **Meaghan E Murphy**    mmurphy@melandbudwick.com,
  ltannenbaum@melandbudwick.com;mrbnefs@melandbudwick.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com;mmurphy@ecf.courtdrive.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov

EXHIBIT A

Label Matrix for local noticing
113C-1
Case 22-14959-LMI
Southern District of Florida
Miami
Mon Aug 15 14:29:46 EDT 2022

274 Atlantic Isles LLC
274 Atlantic Isles
Sunny Isles, FL 33160-4528

Causeway Square
Law Offices of Carla Jones, PA
1125 NE 125 Street
Suite 103
North Miami, FL 33161-5014

FTLQ CREDIT I, LLC, as Assignee of Sky 18 Se
John Paul Arcia, PA
175 SW 7th Street
Suite 2000
Suite 2000
Miami, FL 33130-2961

First Horizon Bank f/k/a Iberiabank
The Law Offices of Jason C. Tatman, A.P.
5677 Oberlin Drive
Suite 210
San Diego, CA 92121-1742

Keystone Plaza
c/o Carla A. Jones
Law Office of Carla Jones, P.A.
550 NE 124 Street
Miami, FL 33161-5424

Phirik Investment Group, LLC
656 W. Palm Aire Drive
Pompano Beachh, Fl 33069-5549

Synchrony Bank
PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

VIPIG Holdings, LLC
400 NE 3rd Avenue
Apt. 1109
Ft. Lauderdale, FL 33301-3599

Yellowstone Capital, LLC
18403 West Dixie Highway
Miami, FL 33160-2047

501 NE 183 LLC
172 South Broadway
White Plains, NY 10605-1800

ACAR Leasing LTD d/b/a GM Financial Leasing
P.O. Box 183853
Arlington, TX 76096-3853

(p)AR RESOURCES INC
PO BOX 1056
BLUE BELL PA 19422-0287

ATCF II Florida A LLC
PO Box 69239
Baltimore, MD 21264-9239

Alaimo Group USA LLC
c/o Carlos F. Osorio, Esq.
175 SW 7th Street, Suite 1900
Miami, FL 33130-2960

Ally Financial
200 Renaissance Ctr #B0
Detroit, MI 48243-1300

Altonstar LLC
1407 Broadway 41st Floor
New York, NY 10018-2348

Altonstar LLC
c/o Jerry Breslin, Esq.
169 East Flagler Street, Suite 700
Miami, FL 33131-1203

Amazon
410 Terry Ave N.
Seattle, WA 98109-5210

Amazon
PO Box 965015
Orlando, FL 32896-5015

Ameican Express NA
115 W Towne Ridge Pkwy
Sandy, UT 84070-5511

American Express
P.O. Box 6618
Omaha, NE 68106-0618

American Express
PO Box 650448
Dallas, TX 75265-0448

American Express
PO Box 981535
El Paso, TX 79998-1535

American Express
PO Box 981537
El Paso, TX 79998-1537

American Express
c/o Scott E. Modlin, Esq.
1551 Sawgrass Corporate Pkwy, Suite 110
Fort Lauderdale, FL 33323-2832

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

American Express/Bloomingdales
PO BOX 981537
El Paso, TX 79998-1537

Andrea Palant
3340 NW 53rd Street, Suite 402
Fort Lauderdale, FL 33309-6320

Apple Card
Apple Headquarters
One Apple Park Way
Cupertino, CA 95014-0642

COMPOSITE
EXHIBIT B

Apple Card
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170-0001

Asta Funding Inc
210 Sylvan Ave
Englewood Cliffs, NJ 07632-2532

Audi Financial
1401 Franklin Blvd
Libertyville, IL 60048-4460

Audi Financial
2200 Woodland Pointe Ave
Herndon, VA 20171-5874

BLOOMINGDALES/AMEX
PO BOX 8218
Mason, OH 45040-8218

Bank of America
P.O. Box 15027
Wilmington, DE 19850-5027

Bank of America
PO Box 982238
El Paso, TX 79998-2238

Bank of America
POB 2864
Transaction Processing CT2-515-BB-12
Hartford, CT 06101-2715

Barclays Bank Delaware
100 S. West St.
Wilmington, DE 19801-5015

Barclays Bank Delaware
Attn: Bankruptcy
Po Box 8801
Wilmington, DE 19899-8801

Barclays Bank Delaware
PO Box 8803
Wilmington, DE 19899-8803

Black Card Mastercard
250 Veronica Lane
Jackson, WY 83001-8331

Black Card Mastercard
Card Services
PO Box 8802
Wilmington, DE 19899-8802

Bloomingdales
1000 3rd Ave
New York, NY 10022-1230

BounceyNet Inc.
3497 Derby Lane
Fort Lauderdale, FL 33331-3510

BounceyNet Inc.
c/o Michael C. Fasano, Esq.
2 S. Biscayne Blvd., Suite 2530
Miami, FL 33131-1806

Brian M. Gaines
c/o Benjamin H Brodsky, Esq.
200 SE 1 Street, Suite 400
Miami, FL 33131-1906

Bristol 503 Inc.
c/o Carlos X. Rodriguez, Esq.
800 Douglas Road, Suite 880
Douglas Entrance, North Tower
Miami, FL 33134-2088

Bristol 503 LLC
5901 SW 74th St.
Miami, FL 33143-5165

CLL Holdings LLC
18317 W Dixie Hwy
North Miami Beach, FL 33160-2071

Cadillac Financial
P. O. Box 33169
Detroit, MI 48232-5169

Cadillac Financial
PO Box 404
Cadillac, MI 49601-0404

Capital One
P.O. Box 85147
Richmond, VA 23276-0001

Capital One
PO BOX 30281
Salt Lake City, UT 84130-0281

Capital One Bank
PO Box 30285
Salt Lake City, UT 84130-0285

Causeway Square LLC
1801 NE 123rd Street, Suite 300
Miami, FL 33181-2880

Causeway Square LLC
c/o Alexandra N. Fonseca, Esq.
550 NE 124th Street
Miami, FL 33161-5424

Celtic Bank/Indigo
PO Box 4499
Beaverton, OR 97076-4499

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

City of Sunny Isles Beach
18070 Collins Avenue
North Miami Beach, FL 33160-2723

Comenity Bank/JCrew
PO Box 182789
Columbus, OH 43218-2789

Corporation Service Company
PO Box 2576
Springfield, IL 62708-2576

Crate & Barrell
1250 Techny Rd.
Northbrook, IL 60062-5419

Credit One Bank
PO Box 60500
City of Industry, CA 91716-0500

Credit One Bank Na
Po Box 98875
Las Vegas, NV 89193-8875

DDR SOUTHEAST FOUNTAINS, L.L.C.
3300 Enterprise Parkway
Beachwood, OH 44122-7200

DDR Southeast Fountains, LLC
c/o Alan Burger, Esq.
505 S Flagler Dr., Suite 300
West Palm Beach, FL 33401-5942

Day to Day Imports, Inc.
c/o Aryeh Kaufman, Esq.
5482 Wilshire Boulevard, #1907
Los Angeles, CA 90036-4218

Day to Day Imports, Inc.
c/o Kenneth E. Chase, Esq.
1141 71st Street
Miami Beach, FL 33141-3674

Deerfield Ice Cream LLC
16565 NW 15th Ave
Miami, FL 33169-5619

Eric P. Stein, P.A.
c/o Eric P. Stein, Esq.
1820 NE 163rd St Ste 100
Miami, FL 33162-4801

Eric R. Schwartz as Trustee UTA
2412 Barcelona Dr
Fort Lauderdale, FL 33301-1557

First Horizon Bank
102 NW 37th Ave
Miami, FL 33125-4826

First Horizon Bank
1638 Robert C Jackson Dr
Maryville, TN 37801-3775

First Horizon Bank
165 Madison Ave
Memphis, TN 38103-2725

First Horizon Bank
2109 Ponce de Leon Blvd.
Miami, FL 33134-5211

First Horizon Credit Card
165 Madison Ave
Memphis, TN 38103-2723

Florida State Attorney's Office
175 NW 1st Ave
Miami, FL 33128-1835

Frozen Wheels
16565 NW 15th Ave
Miami, FL 33169-5619

GM Financial
PO Box 181145
Arlington, TX 76096-1145

Gap
2 Folsom Street
San Francisco, CA 94105-1205

Gap
P.O. Box 530942
Atlanta, GA 30353-0942

Graphic World 4 U LLC
16565 NW 15th Ave
Miami, FL 33169-5619

Haisemi Investment LLC
16565 NW 15th Ave
Miami, FL 33169-5619

Halvare Food Services & Distribution LLC
16565 NW 15th Ave
Miami, FL 33169-5619

Halvare Group LLC
16565 NW 15th Ave
Miami, FL 33169-5619

Home Depot
PO Box 7032
Sioux Falls, SD 57117-7032

Home Depot
PO Box 9001010
Louisville, KY 40290-1010

Home Financing Center
400 University Drive, 3rd Floor
Miami, FL 33134-7114

Home Financing Center
500 E. Broward Boulevard, Suite 122
Fort Lauderdale, FL 33394-3077

Iberia Bank
18841 NE 29th Ave
Aventura, FL 33180-2826

(p)IBERIA BANK
PO BOX 52747
LAFAYETTE LA 70505-2749

Iberia Bank
3838 Tamiami Trail
Naples, FL 34103-3586


IberiaBank
2150 Goodlette Rd.
Naples, FL 34102-4810

IberiaBank
c/o Paul A. Humbert, Esq.
199 East Flagler Street, Suite 1010
Miami, FL 33131-1103

Indigo Card
15220 NW Greenbrier Pkwy, Suite 200
Beaverton, OR 97006-5762


Indigo Card
PO Box 4477
Beaverton, OR 97076-4401

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

J Crew
770 Broadway
New York, NY 10003-9553


J. Crew
POB 182273
Columbus, OH 43218-2273

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Keystone Plaza LLC
1801 NE 123rd Street, Suite 300
Miami, FL 33181-2880


Keystone Plaza LLC
c/o Alexandra N. Fonseca, Esq.
550 NE 124th Street
Miami, FL 33161-5424

Kopelowitz Ostrow Ferguson Weiselberg
c/o Seth Haimovitch, Esq.
1 West Las Olas Blvd., 5th Floor
Fort Lauderdale, FL 33301-1852

Kopelowitz Ostrow, PA
c/o Seth Haimovitch, Esquire
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301-1928


Lakura LLC
16565 NW 15th Ave
Miami, FL 33169-5619

Legacy Sok Assoc LLC
302 Datura Street, Suite 100
West Palm Beach, FL 33401-5481

Legacy Sok Assoc LLC
c/o Jeremy E. Slusher, Esq.
444 W Railroad Ave., Suite 470
West Palm Beach, FL 33401-4156


Lets Get Beauty LLC
16565 NW 15th Ave
Miami, FL 33169-5619

Mayors Jewelers, Inc.
1455 NW 107th Ave #264
Miami, FL 33172-2713

Mayors Jewelers, Inc.
19501 Biscayne Blvd., Suite 372
Miami, FL 33180-2342


Mayors Jewelers, Inc.
19575 Biscayne Blvd., Suite 177
Miami, FL 33180-2309

(p)MAYORS JEWELERS  INC
ATTN CREDIT TEAM
3340 NW 53RD STREET SUITE 402
FORT LAUDERDALE FL 33309-6320

(p)MERCEDES BENZ FINANCIAL SERVICES
13650 HERITAGE PARKWAY
FORT WORTH TX 76177-5323


Miami Dade County
111 NW 1st Street, Suite 710
Miami, FL 33128-1984

Mikon Financial Services and Ocean Bank
780 NW 42nd Avenue, Suite 300
Miami, FL 33126-5536

Neiman Marcus
1201 Elm St Suite 2800
Dallas, TX 75270-2106


Neiman Marcus
One Marcus Square, 1618 Main Street
Dallas, TX 75201

Niarara Distri LLC
16565 NW 15th Ave
Miami, FL 33169-5619

Nordstrom
1600 7 th Ave. Suite 2600
Seattle, WA 98101-2284

Nordstrom
1700 7th Avenue Suite 1500
Seattle, WA 98101-4419

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Porsche Leasing Ltd
One Porsche Drive
Atlanta, GA 30354-1654

Porsche Leasing Ltd.
c/o David O. Caballero, Esq.
9150 S. Dadeland Blvd., Suite 1400
Miami, FL 33156-7855

Prosper Card
221 Main Street, Suite 300
San Francisco, CA 94105-1909

Prosper Card
P.O. Box 650078
Dallas, TX 75265-0078

RK Centers LLC
17100 Collins Avenue, Suite 225
North Miami Beach, FL 33160-3675

Saks Fifth Avenue
2 East 49th Street-6th Fl
New York, NY 10017

Saks Fifth Avenue
225 Liberty St FL 24
New York, NY 10281-1058

Sky 18 Series 2 LLC
c/o John P. Arcia, Esq.
175 SW 7th Street, Suite 2000
North Miami Beach, FL 33130-2961

Slingshot Funding LLC Series 18
PO Box 645040
Cincinnati, OH 45264-5040

State Of Florida Department Of Revenue
Po Box 6668
Tallahassee, FL 32314-6668

Sunshine Terminal 8
1521 NW 165th St
Miami, FL 33169-5600

Sychrony Bank - Amazon
Bankruptcy Dept
P.O. Box 105972
Atlanta, GA 30348-5972

TB Bank/Nordstrom
13531 E Caley Ave
Englewood, CO 80111-6505

TCB & GSD Consulting LLC
16565 NW 15th Ave
Miami, FL 33169-5619

TDRCS/Tourneau
1000 MacArthur Blvd
Mahwah, NJ 07430-2035

Tefolon Developments LLC
16565 NW 15th Ave
Miami, FL 33169-5619

(p)VOLKSWAGEN CREDIT UNION
1401 FRANKLIN BLVD
LIBERTYVILLE IL 60048-4460

VW Credit Leasing, Ltd
c/o VW Credit, Inc.
PO Box 9013
Addison, Texas 75001-9013

VW Lease
5505 N Cumberland Ave. Suite 307
Chicago, IL 60656-4761

Venmo
2211 N 1st St
San Jose, CA 95131-2021

Venmo
95 Morton Street
Fifth Floor
New York, NY 10014-3336

Wandering J LLC
16565 NW 15th Ave
Miami, FL 33169-5619

Wells Fargo Bank
PO Box 14517
Des Moines, IA 50306-3517

Wells Fargo Bank NA
299 South Main Street
12th Floor
MAC U1228-120
Salt Lake City, UT 84111-2580

Wells Fargo Bank NA
One Wachovia Center
301 South College Street
Charlotte, NC 28202-6002

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Weston TC, LLC
1675 Market Street, Suite 213
Fort Lauderdale, FL 33326-3681

Weston TC, LLC
225 NE Mizner Blvd, Suite 510
Boca Raton, FL 33432-4083

Xellva LLC
16565 NW 15th Avenue
Miami, FL 33169-5619

YF 26 LLC
16565 NW 15th Ave
Miami, FL 33169-5619

YF of South Florida LLC
16565 NW 15th Ave
Miami, FL 33169-5619

YL Group Florida, LLC
16565 NW 15th Avenue
Miami, FL 33169-5619

Yellowstone Capital LLC
400 SOUTH DIXIE HIGHWAY
SUITE 12
Hallandale, FL 33009-6396

YoGreen Co LLC
16565 NW 15th Ave
Miami, FL 33169-5619

Yoldas Sports Medicine LLC
1601 S Andrews Ave
Fort Lauderdale, FL 33316-2509

Eric D Jacobs
100 N Tampa Street Ste 2600
Tampa, FL 33602-5810

Erik Gauiter
c/o Diaz Reus & Targ, LLP
100 SE 2nd  Street
Suite 3400
Miami, Fl 33131-2122

Giselle Halwani
274 Atlantic Isle
Sunny Isles, FL 33160-4528

Glenn D Moses Esq
100 SE 2 St #4400
Miami, FL 33131-2118

Isaac Halwani
274 Atlantic Isle
Sunny Isles, FL 33160-4528

Phillipe Gauiter
c/o Diaz Reus & Targ, LLP
100 SE 2nd  Street
Suite 3400
Suite 3400
Miami, Fl 33131-2122

Robert Semaan
Duane Morris LLP
201 S. Biscayne Blvd.
Suite 3400
Miami, FL 33131-2318

Victoria Gautier
c/o Diaz Reus & Targ, LLP
100 SE 2nd  Street
Suite 3400
Suite 3400
Miami, Fl 33131-2122

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

AR Resources, Inc.
1777 Sentry Pkwy W Blue
Blue Bell, PA 19422

(d)AR Resources, Inc.
PO BOX 1056
Blue Bell, PA 19422

Chase
PO Box 15548
Wilmington, DE 19886

(d)Chase Bank USA
800 Brooksedge Blvd.
Westerville, OH 43081

(d)Chase Bank USA, NA
P.O. Box 15298
Wilmington, DE 19850

(d)Chase Card Services
P.O. Box 15153
Wilmington, DE 19886

(d)Chase Card Services
P.O. Box 15298
Wilmington, DE 19850-5298

Iberia Bank
200 West Congress Street
Lafayette, LA 70501

Internal Revenue Service
Po Box 21126
Philadelphia, PA 19114

(d)JP Morgan Chase Bank
PO Box 15369
Wilmington, DE 19850

(d)JP Morgan Chase Bank Auto
PO Box 901003
Fort Worth, TX 76101

Mayors Jewelers, Inc.
3340 NW 53rd St, Suite 402
Fort Lauderdale, FL 33309-6320

Mercedes Benz Financial
36455 Corporate Rd
Farmington, MI 48331

VW Credit
1401 Franklin Blvd.
Libertyville, IL 60048

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)170 NE 40 Street, Inc. D/B/A Miami Spaces
Frank, Weinberg & Black, P.L.
7805 SW 6th Court
Plantation

(u)FW Distributing, LLC

(u)Miami

(u)First Horizon Bank f/k/a Iberianbank

(d)Frozen Wheels, LLC
16565 NW 15th Ave
Miami, FL 33169-5619

(d)Lets Get Beauty LLC
16565 NW 15th Avenue
Miami, FL 33169-5619

(u)Steven Rhodes

End of Label Matrix
Mailable recipients    164
Bypassed recipients      7
Total                  171

```
Label Matrix for local noticing        274 Atlantic Isles LLC               Brian M. Gaines, as Trustee
113C-1                                 274 Atlantic Isles                   c/o Meaghan E. Murphy, Esquire
Case 22-14810-LMI                      Sunny Isles, FL 33160-4528           200 S Biscayne Blvd. #3200
Southern District of Florida                                                Miami, FL 33131-5323
Miami
Mon Aug 15 14:30:43 EDT 2022

Brian M. Gaines                        Eric P. Stein, P.A.                  Eric R. Schwartz as Trustee UTA
c/o Benjamin H Brodsky, Esq.           c/o Eric P. Stein, Esq.              2412 Barcelona Dr
200 SE 1 Street, Suite 400             1820 NE 163rd St Ste 100             Fort Lauderdale, FL 33301-1557
Miami, FL 33131-1906                   Miami, FL 33162-4801


Eric R. Schwartz as Trustee UTA        Eric R. Schwartz as Trutee           Eric R. Schwartz, as Trustee UTA
900 SE 3rd Avenue, Suite 204           Brodsky Fotiu-Wojtowicz, PLLC        c/o Benjamin H. Brodsky, Esq.
Fort Lauderdale, FL 33316-1118         c/o Benjamin H. Brodsky, Esq.        200 SE 1st Street, Suite 400
                                       200 SE 1st Street, Suite 400         Miami, FL 33131-1906
                                       Miami, FL 33131-1906


(p)INTERNAL REVENUE SERVICE            Isaac and Giselle Halwani            Miami Dade County
CENTRALIZED INSOLVENCY OPERATIONS      274 Atlantic Isle                    111 NW 1st Street, Suite 710
PO BOX 7346                            Sunny Isles, FL 33160-4528           Miami, FL 33128-1984
PHILADELPHIA PA 19101-7346


Office of the US Trustee               State Of Florida Department Of Revenue   Benjamin H Brodsky
51 S.W. 1st Ave.                       Po Box 6668                          200 SE 1st Street, Suite 400
Suite 1204                             Tallahassee, FL 32314-6668           Miami, FL 33131-1906
Miami, FL 33130-1614


Glenn D Moses Esq
100 SE 2 St #4400
Miami, FL 33131-2118
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


```
Internal Revenue Service
Po Box 21126
Philadelphia, PA 19114
```


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


```
(u)Miami                               (u)Coraline Financial Ltd            (u)Eric R. Schwartz as Trustee UTA
                                       **DELETED**                          **DELETED**
```

```
End of Label Matrix
Mailable recipients    15
Bypassed recipients     3
Total                  18
```